## STATE

### v.

## KEMALIAN REALTY, INC.

### No. 96–438–A.

Supreme Court of Rhode Island.

Dec. 15, 1997.

William Mark Kolb, Providence.

John J. Garrahy, Providence.

### ORDER

This case came before the Supreme Court on December 3, 1997, pursuant to an order directing both parties to appear and show cause why the issues raised by this appeal should not be summarily decided. The State appeals from an order of the Superior Court granting the defendant's petition to confirm an arbitration award in favor of the defendant.

After hearing oral argument and reviewing the memoranda submitted by both parties, we are of the opinion that cause has not been shown, and the case will be decided at this time.

This case involves the terms to be applied during the holdover period of an expired lease. The state's auditor general, beginning in 1985, leased space at 178–180 Norwood Avenue in Cranston, Rhode Island for a five-year term from the defendant Kemalian Realty. That lease was subsequently extended for a second five-year term and finally expired on January 31, 1995. The parties attempted to negotiate a further extension, but no agreement was ever reached. Despite the expiration of the lease on January 31, 1995, the state continued to occupy the premises until September 30, 1995.

The state contends that during its holdover occupancy it was a month-to-month tenant until it vacated the premises in September of 1995. The defendant, however, contended that it had elected to treat the plaintiff as a year-to-year tenant during this holdover period. Therefore, the state owed an entire year's rent regardless of how many months it had actually occupied the premises after the expiration of the lease.

The original lease had provided that any dispute concerning the terms of the lease would be submitted to arbitration. The defendant invoked that provision and filed a demand for arbitration in order to determine whether the state remained on the premises as a month-to-month tenant or as a year-to-year tenant.

The state objected to the defendant's arbitration request and sought a temporary restraining order to prevent any arbitration of this dispute. The state's motion for a temporary restraining order was denied, and the matter proceeded to arbitration. The arbitrator, after concluding that this dispute was appropriate for arbitration, ruled in favor of the defendant finding a year-to-year tenancy resulted and awarded the defendant $35,828.60 in damages. The defendant then filed a motion to confirm the award, and that motion was granted.

On appeal, the state contends that the arbitration provision invoked by the defendant did not apply as a part of the holdover tenancy rental term. We disagree.

The original lease clearly provided that any dispute as to the terms of the lease would be submitted to arbitration. Whether the lease in question was a month-to-month or year-to-year tenancy constituted a dispute as to the term of the rental. Therefore, the original lease, which controls here, contemplated that such a dispute would be resolved through arbitration.

The state contends that the issue in dispute was not appropriate for arbitration because it did not concern the terms of the original lease. Rather, the state argues that this dispute concerns the nature of the tenancy during the holdover period, and since the question of any holdover situation was not directly addressed in the lease, it could not be subject to arbitration. This argument is without merit.

The dispute here directly concerns the original lease and its terms. Accordingly, one was required to construe the terms of the prior lease in order to determine the nature of the holdover tenancy. Arbitration was, therefore, proper for resolving the dispute over the term of a holdover tenancy.

We note that the state's cause would fare no better were this Court to find that arbitration was inappropriate. The law is clear that during a holdover period, when the landlord elects, as it did in this case, to treat the tenancy as continuing, the tenant is a "tenant from year to year, in case the prior term was for a year or longer; and if the prior term was shorter than a year, then from term to term." *Bibby's Refrigeration, Heating & Air Conditioning, Inc. v. Salisbury,* 603 A.2d 726 (R.I.1992) (quoting *Providence County Savings Bank v. Hall,* 16 R.I. 154, 13 A. 122, 124 (1888)). Therefore, even if arbitration was improper, the same result would come about because the arbitrator's decision was the only possible result that could follow under Rhode Island law.

For these reasons, the state's appeal is denied and dismissed. The order appealed from is affirmed, and the papers of this case are remanded to the Superior Court.